NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ISABEL SABINA OSORIO FRANCISCO, | No.   19-70559 |
| Petitioner, | Agency No. A208-601-128 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

| | |
|---|---|
| VALERIO GONZALEZ OSORIO, | No.   19-70561 |
| Petitioner, | Agency No. A208-601-129 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

| | |
|---|---|
| LESLY ISABEL GONZALEZ OSORIO, | No.   19-70563 |
| Petitioner, | Agency No. A208-601-130 |
| v. | |

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

MERRICK B. GARLAND, Attorney
General,

    Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 2, 2022[**]

Before:    SILVERMAN, KOH, and SANCHEZ, Circuit Judges.

Isabel Sabina Osorio Francisco, Valerio Gonzalez Osorio, and Lesly Isabel Gonzalez Osorio, natives and citizens of Guatemala, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's ("IJ") decision denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Petitioners also seek review of the BIA's order denying their motion to terminate proceedings.

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings and review de novo questions of law. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny the

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2                                                                    19-70559

petition for review.

Substantial evidence supports the agency's conclusion that the petitioners failed to establish that any persecution would be on account of a protected ground.[1] *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, the petitioners' asylum and withholding of removal claims fail.

Substantial evidence supports the agency's denial of CAT protection because the petitioners failed to show it is more likely than not they will be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

Petitioners contend that the IJ lacked jurisdiction over their proceedings. This argument is foreclosed. *Aguilar Fermin v. Barr*, 958 F.3d 887, 889 (9th Cir. 2020) ("[A]n initial NTA need not contain time, date, and place information to vest an immigration court with jurisdiction if such information is provided before the hearing.").

---

[1] Because the petitioners' failure to demonstrate a nexus to a protected ground is dispositive, we do not reach their arguments concerning their proposed particular social group. "As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach." *Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (internal citation omitted).

19-70559

Contrary to the petitioners' assertions that the agency violated their due process rights, the record indicates that the petitioners received a full and fair hearing. *See, e.g., Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 894 (9th Cir. 2018) ("There is no indication that the IJ or BIA did not consider all the evidence before them."); *Gutierrez v. Holder*, 662 F.3d 1083, 1091 (9th Cir. 2011) ("A court will grant a petition on due process grounds only if the proceeding was so fundamentally unfair that the [applicant] was prevented from reasonably presenting his case.") (internal citations and quotation marks omitted).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**